IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

DENNIS W. PARTAKA, JONATHAN §
PENDELTON, MATTHEW JONES,
JOSEPH TOVAR, §

§  CIVIL ACTION NO. 6:24cv031

VS. §

FNU JOHNSON, ET AL. §

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Jonathan Pendelton, an inmate currently confined within the Hodge Unit inside the Texas Department of Criminal Judgment (TDCJ) proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

For reasons explained below, the Court recommends that Plaintiff's lawsuit be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

**I. Pendelton's Amended Complaint**

Pendelton's amended complaint, (Dkt. #15), is the operative pleading in this lawsuit. An amended complaint entirely supersedes and takes the place of the original pleading. *Clark v. Tarrant County, Tex.*, 798 F.2d 736, 740 (5th Cir. 1986). She sues Major Johnson and Sergeant Golf, both of whom work in the kitchen at the Hodge Unit, claiming that they violated her rights under the Fourteenth Amendment by discriminating against transgender prisoners. Pendelton contends that she, along with two other transgender prisoners, "were fired out of the kitchen for inappropriate sexual behavior," (Dkt. #15, pg. 10). They were told that an officer "did not like them working together." *Id*.

1

Pendelton further notes that on or about December 7 she and another transgender prisoner "went into work at their normal schedule shift which was 12:30 AM," and were behind the serving line preparing for breakfast. Defendant Golf "came out of her office in the back telling us get the [expletive] out of my chow hall. You do not work in the chow hall no more." *Id*. When they tried asking Defendant Johnson the next day at lunch why they were fired, Johnson told Pendelton and Ms. Jones "to get the [expletive] out of her face." *Id*.

Ms. Partaka arrived at her normal shift on the same day. Once she gave her identification to the "kitchen boss," Defendant Golf "came out of her office telling her to get the [expletive] out [of] her kitchen." *Id*. at pg. 11. Pendelton maintains that she, Ms. Jones, and Ms. Partaka "did nothing to get IOC" and that Defendants Golf and Johnson "do not like transgenders." *Id*. Defendant Golf told Ms. Tovas that she does not like her. Ultimately, Pendelton maintains that they did nothing wrong necessitating being fired—as it "was for no reason." She seeks monetary damages.

## II. Legal Standards

Under 28 U.S.C. § 1915A, a court shall review any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).  The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which

a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. Nov. 7, 2012) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

**III. Discussion and Analysis**

The Court understands that Pendelton alleges that Defendants Johnson and Golf violated her constitutional rights—as well as the constitutional rights of Ms. Tovar, Ms. Jones, and Ms. Partaka—by discriminating against transgender prisoners.

The Equal Protection Clause of the Fourteenth Amendment "is essentially a mandate that all persons similarly situated be treated alike." *See Rodriguez v. CHRISTUS Spohn Health Sys. Corp.*, 874 F. Supp.2d 635, 650 (S.D. Tex. 2012) (citing *Qutb v. Strauss*, 11 F.3d 488 (5th Cir. 1993)). A plaintiff must show that the unequal treatment stemmed from discriminatory intent or a discriminatory purpose. *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). Conclusory allegations of discrimination will not suffice. *See Coleman v. Lincoln Parish Detention Center*, 858 F.3d 307, 309 (5th Cir. 2017); *see also Priester v. Lowndes Cnty.*, 354 F.3d 414, 420, 424 (5th Cir. 2004).

Here, Pendelton states that Defendants Johnson and Golf "do not like" transgender persons. She also insists that she was fired from her kitchen position inside the prison because she is transgender. But she does not specify how any Defendant acted with a discriminatory purpose or treated her differently; in other words, Pendelton's contention she was fired from her prison because she is transgender—without more—does not state a claim under the Equal Protection Clause. Similarly, simply because a prison official remarks that he or she "does not like" a particular prisoner does not state a claim for equal protection. Pendelton's claim of equal protection should be dismissed. *See Propes v. Mays*, 169 F. App'x 183, 185 (5th Cir. 2006) ("A prisoner's vague and conclusory allegations that his equal protection rights have been violated are insufficient to raise an equal protection claim.").

Pendelton's proceeding suffers from an even more fundamental problem: Prisoners do not have a constitutional right to choose where they work in prison. *See Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) ("Furthermore, prisoners have no constitutionally protected liberty interest or property interests *per se* in their prison job assignments."); *Barnes v. Cain*, 544 F. App'x 483, 483 (5th Cir. 2013) ("Prisoners do not have a constitutionally protected liberty or property interest in their prison job assignments."). Because prisoners do not have a constitutionally-protected right in their prison job assignments, this entire lawsuit fails to state a claim upon which relief may be granted and should be dismissed.

The Court further notes that Pendelton raises claims concerning fellow transgender prisoners. But a person who claims the deprivation of a constitutional right must "prove some violation of their personal rights." *See Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986). In other words, a section 1983 civil rights action is a personal suit; it does not accrue to a relative or bystander. *See Gregory v. McKennon*, 430 F. App'x 306, 310 (5th Cir. 2011) (unpublished) ("In addition, Gregory would lack standing to seek § 1983 damages for violations of other prisoners' rights . . ."). Pendelton's claims concerning Ms. Tovar, Ms. Partaka, and Ms. Jones should be dismissed.

To the extent the parties seek a class action, such request will be denied. Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure. In pertinent part, the rule states:

> **(a) Prerequisites**. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

The Supreme Court has explained that Rule 23 does not set forth a mere pleading standard; rather, a party seeking class certification must affirmatively demonstrate his compliance with the Rule. *Wal-Mart v. Dukes*, 564 U.S. 338, 350 (2011).

Here, Plaintiffs fail to satisfy any other element of rule 23(a). Pendelton does not address any of these factors. Consequently, any request is insufficient to support certification of a class. *See McGrew v. Texas Bd. of Pardons and Paroles*, 47 F.3d 158, 162 (5th Cir. 1995) (finding that plaintiff's motion for class certification—which alleged that there were numerous other inmates having an interest in his action, but failed to address the other requirements of Rule 23—was insufficient); *Songer v. Dillon Res., Inc.*, 569 F.Supp.2d 703, 707 (N.D. Tex. 2008) (explaining that conclusory allegations were insufficient to support class certification). The Court further notes that the docket reflects that the only participant thus far in this case has been Plaintiff Pendelton.

Additionally, Pendelton has not shown that she will fairly and adequately represent the interests of the class. Federal courts generally hold that *pro se* plaintiffs cannot fairly and adequately represent the interests of a class. *See Anderson v. Moore*, 372 F.2d 747, 751 n.5 (5th Cir. 1967); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (affirming the district court's decision that *pro se* litigant cannot adequately represent putative class); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (explaining that the competence of a non-attorney was "clearly too limited to allow him to risk the rights of others"). Pendelton has not shown that class certification is warranted in this case.

## RECOMMENDATION

For these reasons, it is recommended that the above-styled civil action be dismissed, with prejudice, for the failure to state a claim upon which relief can be granted. Furthermore, the Court recommends that any request for class certification be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 17th day of April, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE